the next case on our calendar is United States v. Sosa Ramirez. Thank you. You may take the podium. May it please the Court, my name is Brad Stetler. I am the lawyer for the appellant defendant in this case, Jose Sosa Ramirez. This case presents a consolidated appeal from both a release sentence on Mr. Sosa Ramirez imposed at the same proceeding. There are two issues raised in the brief. One, the procedural unreasonableness of the proceeding, and two, substantive unreasonableness. As to the first issue, it's clear that procedural error occurs if the Court does not adequately explain the basis for the sentencing decision. You said even less in Coppola, and we upheld that, didn't we? Coppola, Your Honor, was not a case in which there was a supervised release sentence imposed. I believe Coppola was a case where there was a consecutive sentence imposed in addition to an undischarged term of imprisonment. But here, you would need to say less because the guidelines are quite clear that in the ordinary course, you should make supervised release consecutive to rather than concurrent. So that, if anything, this is a fortiori. Your Honor, I would disagree with that. I think the case is closer to the Sixth Circuit case in Cochran, which holds precisely what I'm arguing here, and that is a supervised release case in which the Sixth Circuit is the Sixth Circuit. Understood. I don't think Coppola, though, answers the question that's raised on this record, and especially in this case, Your Honor, where the district court acknowledged explicitly that there is a serious risk. And it did a remarkable thing under the circumstances. Because of that, it gave a sentence which was the bottom of the sentence it could have given under the guidelines for the substantive offense alone, which is very much in keeping with what the Supreme Court has recently allowed people to do in situations where there is a mandatory sentence for something of giving on the non-mandatory sentence a much smaller one, so that what this Court did seems to me to have been eminently sensible and more than fair to your client. I really don't understand what you're here for. This was not a mandatory imposition. I understand. But it was suggested, and what the Court did said, I don't like what I think is double counting, even though the law says it's not double counting, and so I'm going to go down to the bottom. Well, below the bottom. She went down from . . . Below the bottom. She varied downward, right? Twenty-one months. She varied downward on the substantive offense and then gave it right back again on the supervisability's case. So that the total amount was still at the bottom of what could have been done for the substantive offense. But the reason she went down was because the offense guidelines tripled the base offense level from 8 to 24, while at the same time, on the basis of criminal history, while at the same time attaching criminal history categories to the . . . To the sentence. Which we have said is all right. The Court didn't much like it, and so went down. In fact, what she did then was she said, okay, I'm not really troubled by tripling the offense level, adding the sixteen levels. She says, that's okay, but I don't like increasing the criminal history, so we're going to go back to the original criminal history category and use that, and then she gives them the bottom of the guidelines range from that calculation. That's correct, Your Honor. And then she says, the guidelines say that when there is a violation of supervised release in addition to the substantive offense, presumptively you make the sentences consecutive. And she gave the bottom of the guidelines range for that sentence and made it consecutive, right? Well, it wasn't the bottom. It was the middle of the guidelines range and made that consecutive. She taketh away and then she giveth it back is the problem. So if she had, is your procedural argument that she should have said, I'm giving fifty months and here are the reasons I'm giving fifty months, and then for the exact same conduct say, I'm giving twenty-four months for the supervised release violation and here are the same reasons that I'm giving the twenty-four months? Or she could have identified other reasons, such as, I take this as a personal affront to the Court, Mr. Sosa-Ramirez. You went out and violated your supervised release immediately upon it being imposed. Isn't that exactly why district judges generally impose a condition of supervised release that is, you shall violate no state, federal, or local law? Well, it is, except for the unusual case for one who was deported immediately after sentencing. It serves absolutely no purpose. There was no purpose to the supervised release term. Well, no, it serves this purpose. It serves this very purpose. And that's where we come into double counting or double punishment, which she recognized and then apparently ignored. Thank you. I'll reserve the rest of my time. Thank you, counsel. We'll hear from the government. Good morning. May it please the Court, Mike Drescher from the U.S. Attorney's Office. At the outset, I want to apologize to the Court. Last week, as I was preparing for today's argument, I realized that the PDF version of the brief that we had filed back in March had pages that were out of order, out of sync. The paper copy was correct, but I was embarrassed. We filed a corrected PDF version. I want to apologize for that. Thank you. This Court has made clear when it's reviewing sentencing decisions that it is not in the business of micromanaging district court sentencing decisions. And as Your Honor's questions have raised, we are very careful in how she explained the total 74-month sentence that Mr. Sosa received. She thoroughly covered the 3553A factors, and then she said with that in mind, she would impose a variance downward on the underlying offense to 50 months for the reasons of concern with the criminal history category impact on the previous conviction. And then she would, consistent with the guidelines, explain that there would be an additional 24 months that would be imposed, given the quite egregious violation of supervised release in this case, for a total sentence of 74 months. And I would suggest that under any standard, that sentence is reasonable. This is a man who had been successfully prosecuted on five separate occasions for felonies. Three of those felonies involved immigration laws. Four of them involved drug laws. One involved firearms trafficking. And he'd been deported twice before. This person will be deported once he completes the sentence. Isn't that correct? I presume that's correct. That is within the purview of the Department of Homeland Security. But it's my experience that that is, that would be, that is everybody's expectation. So it seems like a lot of spinning wheels. The reason I would disagree with that characterization is that he had been deported twice before, following prison sentences that were much shorter than the 74 months here. And on those occasions he re-offended by reappearing, and on one occasion re-offended by committing the offense of conspiring to distribute in excess of 10 kilograms of heroin. So this is a person who has been afforded relatively lenient sentences, followed by removal from the United States, and now he re-presents. He re-offends, again using fraudulent passport, a fraudulently obtained passport. And the question is, you know, how much is enough? And I think when somebody has been prosecuted successfully for five, on five different occasions for felonies, three of those in federal court, that a 74-month sentence in the context of this case is well within the bounds of reason. I would only draw your Honor's attention to the Pereira decision, in which this court upheld a 62-month sentence for somebody convicted of the same offense, with a smaller, with a less severe criminal history, criminal history category 2 in that case. The district judge granted an upward, an above-guideline sentence, and this court said that it was essentially untroubled by the severity of that sentence. This is simply a 12-month longer sentence for a person whose criminal history is much, much more severe, criminal history category 5 as he was appearing before Judge Rice on the conviction, and criminal history category 6 when he was sentenced by Judge Swain in the Southern District here. So I would suggest that under any, first of all, I would ask that you not accept the invitation to micromanage the sentencing decision. But even if the court were inclined to dig into it, I think just under, just whatever, under whatever scrutiny you were to subject it to, it should survive reasonableness review. Thank you. Thank you. Mr. Stetley, you reserve two minutes for your Honor. Thank you. Thank you, Your Honor. If I could follow up on lots of spinning wheels, I think it's relevant in two ways. Number one, my client was sitting on a bus at the border. That was his offense conduct in this case. Coming in or going out? Coming in to the United States, attempting to re-enter the United States. With a false passport. With a false passport. Unfortunately obtained. No doubt about it. He was not permitted. Right after he was deported last time. That's correct. I still think, though, that the nature of the conduct wasn't adequately taken into consideration, which leads to my argument of the lack of substantive reasonableness for the sentence. He was deported immediately after the last time. He's going to be deported immediately after he serves his six years. And the court commented about the risk to public safety at the same time that the court found that there was no evidence to believe that he was entering the United States for an illegal, to commit any illegal acts. And the court also over-relied on his criminal history when the court had already determined... I think you're confusing what might be absurd with what is or is not reasonable under the sentences. That is, we may well feel that an awful lot of the laws that make certain things criminal and have certain penalties attached to them are absurd. But that isn't for us to have anything to say. The question is, when we have laws, even if they are absurd, is the district court applying them reasonably or not? And that is hard to see as unreasonable given what these laws are. And I would suggest for the court to make a conclusion that he did not enter to commit an act, at the same time to find that public safety justified the length of the sentence, I think is contradictory and therefore unreasonable. Thank you. Thank you both. We reserve decision. The last case on our calendar is on submission, so I'll ask the clerk to adjourn court.